UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 2:14-CV-623 |
| STEVEN HIRO KODA; CLUB BTS, ) | |
| LLC d/b/a CLUB BTS ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE

COMES NOW Plaintiff, Joe Hand Promotions, Inc. (hereinafter "Plaintiff"), by and through counsel, and seeks a Motion to Extend Time to Serve Defendant, Steven Hiro Koda, individually and as officer, shareholder, director and/or principal of Club BTS, LLC d/b/a Club BTS (hereinafter "Defendant Koda").  Plaintiff respectfully requests that the Court extend the time to serve Defendant Koda, for 90 days beyond the 120 days permitted in Rule 4(m) of the Federal Rules of Civil Procedure, and would respectfully show as follows:

1.     On June 23, 2014, Plaintiff filed a Complaint against Defendants, Steven Hiro Koda individually and as officer, shareholder, director and/or principal of Club BTS, LLC d/b/a Club BTS and Club BTS, LLC d/b/a Club BTS under the Federal Communications Act of 1934, as amended, Title 47 U.S.C. §§ 553 and 605 et seq. in connection with the interception, reception, publication, divulgence, display, exhibition of Plaintiff's property, namely *"UFC 117: Silva v. Sonnen"* Broadcast, including all undercard bouts and the entire television broadcast scheduled for August 7, 2010.  *See* Doc. No. 1.

2.     Plaintiff completed service on Club BTS, LLC d/b/a Club BTS on July 17, 2014, [*See* Doc. No. 5] and Plaintiff filed its Motion for Entry of Default against Club BTS, LLC d/b/a Club

BTS on September 23, 2014.  *See* Doc. No. 7.  Service by Certified Mail was returned unexecuted as "unclaimed" [*See* Doc. No. 6]; however, despite due diligence, Plaintiff has not been able to complete service on Defendant Koda.  For good cause shown herein or alternatively at the discretion of the court, Plaintiff hereby seeks an additional 90 days beyond the 120 days permitted in Rule 4(m) to complete service of process.

**A.    ARGUMENT**

3.    A court must grant a request for additional time to serve a defendant on a showing of good cause.  *See* Fed. R. Civ. P. 4(m); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-341 (7th Cir. 1996).  Even if no good cause is shown, a court has discretion to extend the time to serve the defendant.  *Id*; *See also Henderson v. United States*, 517 U.S. 654, 662 (1996)*; Kurka v. Iowa County,* 628 F.3d 953, 957 (8th Cir. 2010); *Horenkamp v. Van Winkle And Co., Inc.*, 42 F. 3d 1129, 1132 (11th Cir. 2005) ("Furthermore, a majority of the other circuits … have held that the 1993 amendment permits a district court to exercise discretion under Rule 4 to extend the time for service of process, even where the plaintiff has not shown good cause for his failure.").

4.    Plaintiff respectfully requests that the Court grant additional time to serve Defendant, Koda, as Plaintiff has not slept on its duties to prosecute this case.  Indeed, Plaintiff completed service on Club BTS, LLC d/b/a Club BTS [*See* Doc. No. 5] and filed its Motion for Entry of Default against Club BTS, LLC d/b/a Club BTS on September 23, 2014.  *See* Doc. No. 7.  However, despite due diligence [*See* Doc. No. 6], Plaintiff has not been able to complete service on Defendant Koda.

5.    If the Court grants Plaintiff's Motion, the extension will enable Plaintiff to complete service on Defendant Koda, as Plaintiff's has discovered new information which should aid it in completing service on Defendant Koda.  Additionally, an extension will not prejudice Defendants,

this Court or witnesses as there are no pending hearings at this time.

6. If this Court denies Plaintiff an extension of time to serve Defendants, Plaintiff will be irreparably harmed as Defendant Koda would be rewarded for making his whereabouts difficult to obtain and/or evading service and justice to Plaintiff will be lost.

7. Accordingly, Plaintiff hereby requests that this Court grant it an extension of time to serve Defendant Koda, of 90 days beyond the 120 days permitted in Rule 4(m) for good cause or alternatively, by this Court's discretion, so that justice may be served. This Motion is not sought for delay but so that justice may be served.

### B. PRAYER

WHEREFORE, Plaintiff prays that the Court grant its Motion to Extend Time to Serve Defendant, Steven Hiro Koda individually and as officer, shareholder, director and/or principal of Club BTS, enter an order extending the time to serve for 90 days beyond the 120 days permitted by Rule 4(m) of the Federal Rules of Civil Procedure, and grant any and all relief to which Plaintiff may be entitled.

/s/ F. Page Gamble  
F. Page Gamble (ASB-3857-E31F)  
F. PAGE GAMBLE, P.C.  
300 Vestavia Parkway  
Suite 2300  
Birmingham, AL  35216  
Attorney for Plaintiff  
(205)795-2078  
(205)795-2079 - facsimile