IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv623-MHT |
| | ) | (WO) |
| STEVEN HIRO KODA and CLUB | ) | |
| BTS, LLC d/b/a Club BTS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Joe Hand Promotions, Inc. brought this

lawsuit against defendants Steven Hiro Koda and Club

BTS, LLC, asserting that Koda and Club BTS violated one

of two provisions in Title 47 of the United States

Code, each of which provides a private right of action

for unlawful interception of certain broadcast signals.*

-----

* One of those provisions creates a private right
of action for an aggrieved party against third parties
who obtain unauthorized reception of communications
service offered over a cable system.    47 U.S.C.
§ 553(c)(1).    The other creates a private right of
action for an aggrieved party against third parties who
(footnote continued)

See 47 U.S.C. §§ 553, 605.  The court has subject-matter jurisdiction.  See 28 U.S.C. § 1331; 47 U.S.C. § 553(c)(1); 47 U.S.C. § 605(e)(3)(A).  The case is now before this court on Joe Hand Promotions' motion to extend time to serve Koda.  For the reasons set out below, the motion will be granted.

## I. BACKGROUND

On June 23, 2014, Joe Hand Promotions filed a complaint in this court against Koda and Club BTS. According to the complaint, Koda "is an officer, director, shareholder, and/or principal of Club BTS." Compl. (doc. no. 1), ¶ 6.  The complaint alleges that Joe Hand Promotions entered into a contract that gave it the right to distribute a broadcast of a UFC fight that aired on August 7, 2010.  The complaint further

_____

engage in unauthorized interception of "satellite cable programming".  47 U.S.C. § 605.  Joe Hand Promotions alleges in its complaint that it is unable to determine, without discovery, which provision was violated.

alleges that Koda and Club BTS unlawfully intercepted the broadcast signal and exhibited it at the Club BTS establishment in Prattville, Alabama.

Joe Hand Promotions completed service on Club BTS on July 17, 2014, and Club BTS's answer was due August 7.   No answer was filed, however, and Joe Hand Promotions filed a motion for entry of default against Club BTS on September 23.

Joe Hand Promotions attempted service on Koda, but, according to a document on file with the court, on August 1 the summons was returned unexecuted as to Koda with the notation, "Return To Sender, Unclaimed, Unable To Forward."   Notice (doc. no. 6).   Then, on October 10, Joe Hand Promotions filed a motion requesting an extension of time to serve Koda, seeking an additional 90 days to serve him.   In the motion, Joe Hand Promotions alleges that, "despite due diligence," it has not been able to complete service on Koda.   Pl.'s Mot. Extend Time to Serve (doc. no. 9), ¶ 2.   It

asserts that a denial of an extension of time to serve Koda would result in a miscarriage of justice because "Koda would be rewarded for making his whereabouts difficult to obtain and/or evading service." Pl.'s Mot. Extend Time to Serve (doc. no. 9), ¶ 6. Finally, Joe Hand Promotions alleges that it "has discovered new information which would aid it in completing service on ... Koda" and that Koda would not be prejudiced by an extension because there are "no pending hearings." Pl.'s Mot. Extend Time to Serve (doc. no. 9), ¶ 5. Neither Koda nor Club BTS has filed any motions or pleadings in this case, although the court realizes that Koda cannot respond if he does not know of the suit.

## II. STANDARD FOR EXTENSION OF TIME

Federal Rule of Civil Procedure 4(m) provides that the deadline for service of process is 120 days after the complaint is filed:

**4**

> "If a defendant is not served within
> 120 days after the complaint is filed,
> the court--on motion or on its own
> after notice to the plaintiff--must
> dismiss the action without prejudice
> against that defendant or order that
> service be made within a specified
> time. But if the plaintiff shows good
> cause for the failure, the court must
> extend the time for service for an
> appropriate period."

Fed. R. Civ. P. 4(m).  This rule has both "mandatory

and discretionary components." <u>Boyd v. Koch Foods of

Alabama, LLC</u>, No. 2:11cv748-MHT, 2011 WL 6141064, at *2

(M. D. Ala. Dec. 8, 2011) (Thompson, J.).  On one hand,

if good cause is shown, the court must grant the

extension of time for service.  <u>See</u> <u>id</u>.  On the other

hand, if good cause is not shown, then a district court

has discretion whether to extend the time for service.

<u>See</u> <u>Horenkamp v. Van Winkle & Co., Inc.</u>, 402 F.3d 1129,

1132 (11th Cir. 2005).  Application of Rule 4(m) may

thus involve a two-part analysis.

    The first part of this analysis is a good-cause

inquiry.  The Eleventh Circuit Court of Appeals has

5

explained that, "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" <u>Lepone–Dempsey v. Carroll Cnty. Comm'rs</u>, 476 F.3d 1277, 1281 (alteration in original) (quoting <u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir.1991) (per curiam), <u>superseded in part by rule as stated in Horenkamp</u>, 402 F.3d at 1132, n. 2). To show good cause, then, a plaintiff "must show how he or she '(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake.'" <u>Welch v. Dale</u>, No. 3:12cv393-MHT, 2012 WL 6725647, at *1 (M. D. Ala. Dec. 27, 2012) (Thompson, J.) (quoting <u>Durgin v. Mon</u>, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009) (Marra, J.)).

There is a second, alternative analysis, however, which is to determine whether the district court should use its discretion to grant the extension despite the

movant's failure to show good cause. <u>See</u> <u>Lepone-Dempsey</u>, 476 F.3d at 1282. "The Eleventh Circuit ... has mandated that a district court examine not only 'good cause' arguments but also whether 'any other circumstances warrant an extension of time based on the facts of the case' before denying an extension." <u>Boyd</u>, 2011 WL 6141064, at *2 (quoting <u>Lepone-Dempsey</u>, 476 F.3d at 1282). Some of the factors potentially justifying relief include whether the suit would be barred by the statute of limitations even if the suit were to be dismissed without prejudice, as well as whether "the defendant is evading service or conceals a defect in attempted service." <u>Lepone-Dempsey</u>, 476 F.3d at 1282 (internal citations omitted). These examples are not exhaustive, and the court may consider other factors. <u>See</u> <u>id</u>.

### III. DISCUSSION

Because the complaint was filed on June 23, 2014, under Rule 4(m) Joe Hand Promotions had until October 21 (120 days after filing the complaint) to serve Koda and Club BTS.  Because Koda was not served by October 21, the court must determine whether to grant an extension of time for service.

Good cause may well exist here.  Joe Hand Promotions alleges that Koda is evading service or making his whereabouts difficult to obtain.  Although Joe Hand Promotions has not done so explicitly, it could be argued that evading service would constitute an "outside factor" that goes beyond mere negligence or inadvertence on the part of the plaintiff, since the acts by the defendant in such a case would be intentional.  However, Joe Hand Promotions' motion does not detail precisely how Koda evaded service, other than to note that, "Service by Certified Mail was returned unexecuted as 'unclaimed.'"  Pl.'s Mot. Extend

8

Time to Serve (doc. no. 9), ¶ 2.    Moreover and
notably, evasion of service is specifically enumerated
as a factor to consider when the court is to <u>exercise
its discretion</u>, rather than as a consideration of
whether good cause exists. <u>Lepone-Dempsey</u>, 476 F.3d at
1282.   Nevertheless, the court need not resolve whether
Joe Hand Promotions has shown 'good cause' for failure
of service, for the court finds that the facts of the
case warrant that the court 'exercise its discretion'
to grant the extension motion.

    Several factors are at play.   First is Joe Hand
Promotions' contention that Koda has evaded service.
The record before the court is exactly the kind of
record one would expect if a person were evading
service.   As previously noted, service by certified
mail was returned unexecuted.   If someone were
successfully and intentionally evading service or
ignoring the suit, his mailed summons would be returned
unexecuted, and he would not have filed any pleadings

on his own behalf or on behalf of his business entity that was also sued.  Admittedly, while mere return of service would not be enough to carry the day, there is more.  There are also the allegations in the motion and complaint that Koda is an officer, director, shareholder, or otherwise a principal of Club BTS.  It then follows that, because service has been perfected on Club BTS, he is likely aware of this suit and is thus evading service on himself personally.

Second, there is the fact that Joe Hand Promotions filed its extension motion 11 days before the 120-day time for service had run.  Had Joe Hand Promotions waited until after the time for service had run, its case would have been weaker.  However, Joe Hand Promotions timely filed its motion in a good-faith attempt to comply with the Federal Rules of Civil Procedure.

Third, the granting of the extension motion would not result in unfair prejudice to Joe Hand Promotions.

Because the granting of an extension motion would always result in prejudice to a defendant (for the granting of the motion that would allow a suit to continue when it might not otherwise), the issue is not mere prejudice but rather unfair prejudice. Because this case is essentially on hold pending service on Koda, Koda will not be caught off guard by the granting of this motion.

Finally, there is the serious question whether the statute of limitations would bar refiling this suit if it were dismissed without prejudice. When the limitations statute may run in the interim between the dismissal and the refiling of the suit, the Eleventh Circuit has held that a district court may consider that prejudice as a factor in determining whether to grant an extension of time to complete service of process. See Lepone-Dempsey, 476 F.3d at 1282; see also Fed. R. Civ. P. 4, cmt. C4-41. Here, the question

11

whether the statute of limitations has run is not easy to answer.

There is no statute of limitations provided under either 47 U.S.C. § 553 or 47 U.S.C. § 605.  When a federal statute fails to provide a limitations period for a federal cause of action, courts "have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law."  United Paperworks Int'l Local # 395 v. ITT Rayonier, Inc., 931 F.2d 832, 834 (11th Cir. 1991) (quoting Reed v. United Transp. Union, 488 U.S. 319, 323 (1989)).  This court has found no case that uses this method to determine "the most closely analogous statute of limitations under state law" to the statutes at issue here: 47 U.S.C. §§ 553 and 605.  This case may be most analogous to a conversion claim under Alabama law, which would be subject to a six-year statute of limitations. See 1975 Ala. Code § 6-2-34(3).  However, the court would not want to decide this issue without

12

adequate briefing.  In any event, the fact that there is a serious question that the refiling of this case 'might be' time-barred is sufficient to counsel against its dismissal, even without prejudice.

***

For the foregoing reasons, it is ORDERED that plaintiff Joe Hand Promotions, Inc.'s motion to extend time to serve defendant for 90 days (doc. no. 9) is granted and that plaintiff Joe Hand Promotions, Inc. has until January 19, 2015, to serve defendant Steven Hiro Koda.

DONE, this the 31st day of December, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE