IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOE HAND PROMOTIONS, INC.,    )
                              )
    Plaintiff,                )
                              )    CIVIL ACTION NO.
    v.                        )    2:14cv623-MHT
                              )         (WO)
STEVEN HIRO KODA and CLUB     )
BTS, LLC d/b/a Club BTS,      )
                              )
    Defendants.               )
```

ORDER

Cason M. Kirby, counsel for defendants Steven Hiro Koda and Club BTS, LLC, having agreed during a telephone conference held on the record on June 21, 2016, to accept service on behalf of both defendants, it is ORDERED that plaintiff Joe Hand Promotions, Inc., is afforded seven days from the date this order is entered to obtain an alias summons, effectuate service, and confirm to the court in a written filing that service has been perfected.

This extension is an appropriate exercise of the court's discretion in light of Joe Hand's numerous good-faith attempts at service and the indications in

the record that Koda is at best difficult to pin down, and at worst intentionally evading service.* See Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that a district court has the discretion to extend the time for service even absent a showing of good cause under Federal Rule of Civil Procedure 4(m)); Lepone-Dempsey v. Caroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007) (requiring that a district court consider whether "any other circumstances warrant an extension of time based on the facts of the case," such as "whether the defendant is evading service or conceals a defect in attempted service," before denying an extension); 5B Wright & Miller, Federal Practice & Procedure § 1354 (3d ed.) ("[S]ervice generally will be quashed and the action preserved in those situations in which there is

---

\*   Mr. Kirby represented during the June 21, 2016, telephone conference that Koda frequently travels for long periods for work.  Mr. Kirby was himself uncertain as to exactly when Koda lived at the address at which service was repeatedly attempted and as to Koda's current address.

a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. Furthermore, the court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant.").

The pending motions by Club BTS to set aside default (doc. no. 17) and by Koda to dismiss Joe Hand's claims against him (doc. no. 26) will be held in abeyance during this time.

DONE, this the 21st day of June, 2016.

                              _ /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE