IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JOE HAND PROMOTIONS, INC.,  )
                            )
    Plaintiff,        )
                            )      CIVIL ACTION NO.
    v.                 )      2:14cv623-MHT
                            )        (WO)
STEVEN HIRO KODA and CLUB )
BTS, LLC d/b/a Club BTS,   )
                            )
    Defendants.       )

OPINION AND ORDER

Plaintiff Joe Hand Promotions, Inc. brought this

lawsuit against defendants Club BTS, LLC, and its sole

member, Steven Hiro Koda, asserting that they

unlawfully intercepted broadcast signals transmitted by

Joe Hand in violation of 47 U.S.C. §§ 553 or 605.[1]  The

---

1.  One of those provisions creates a private right
of action against a party who intercepts cable
transmissions without authorization, 47 U.S.C.
§ 553(a), and the other creates a private right of
action against a party who intercepts satellite
transmissions without authorization, § 605(a).

Joe Hand alleges in its complaint that it is unable
to determine, without discovery, which provision was
violated.

court has subject-matter jurisdiction under 28 U.S.C.
§ 1331 (federal question) and 47 U.S.C. §§ 553(c)(1)
and 605(e)(3)(A).

This case is currently before the court on two
motions, one by each defendant, both claiming that Joe
Hand failed to perfect service of process. Club BTS
moves the court to set aside the default entered
against it, while Koda moves the court to dismiss the
claims against him.

During an on-the-record telephone conference to
discuss these motions, however, counsel for both
defendants agreed to accept service on their behalves;
the time for Joe Hand to perfect service was extended
accordingly. See Order (doc. no. 32). Both Koda and
Club BTS have now waived service. See Koda Waiver of
Service (doc. no. 36), Club BTS Waiver of Service (doc.
no. 37).

In light of these waivers, and for the reasons that
follow, Club BTS's motion to set aside default will be

granted, and Koda's motion to dismiss will be denied as moot.


### I. CLUB BTS'S MOTION TO SET ASIDE DEFAULT

On June 23, 2014, Joe Hand filed its complaint against Koda and Club BTS.  Joe Hand attempted to serve Club BTS by certified mail at the Alabama address for Club BTS's registered agent, Robert Cox, on July 17, 2014.  The return receipt bears a signature which is illegible, though not inconsistent with "Robert Cox." Return Receipt (doc. no. 5).  Two boxes, labeled "Agent" and "Addressee," appear next to the signature; neither is checked.  Id.

The deadline for Club BTS to answer the complaint was August 7, 2014.  On September 23, 2014, Joe Hand moved for entry of default, and, on January 12, 2015, this court entered an order of default.  On October 20, 2015, Club BTS filed a motion to set aside the entry of default, arguing that service was not in fact perfected.

3

Federal Rule of Civil Procedure 55(c) allows a court to set aside the clerk's entry of default for "good cause." The decision is within the discretion of the court, Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984), and the good-cause standard is "not susceptible to a precise formula," Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996). Courts should consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. "Where service of process is insufficient," however, "the entry of default is void and must be set aside." Insituform Techs., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (Batten, J.) (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982)).

Club BTS does not dispute that service by certified mail is proper under Federal Rule of Civil Procedure

**4**

4(h)(1)(A) and Alabama Rule of Civil Procedure 4(i)(2),
nor does it dispute that Robert Cox is its agent and
authorized to receive service of process within the
meaning of Federal Rule of Civil Procedure 4(h)(1)(B).
Instead, it simply disputes that Cox is the person who
signed the certified-mail receipt.

In order to challenge the sufficiency of service of
process, "the defendant first bears the burden of
producing affidavits that, in non-conclusory fashion,
demonstrate the absence of jurisdiction." Carrier v.
Jordaan, 714 F. Supp. 2d 1204, 1211 (S.D. Ga. 2008)
(Wood, J.) (citation and quotation marks omitted).
Here, the court is presented with an affidavit from
Koda, in which he attests: "Cox and I are the only
individuals authorized to receive service of process on
behalf of Club BTS, LLC.  Neither Cox nor I have ever
been served on behalf of Club BTS, LLC in this
lawsuit."  Koda Aff. (doc. no. 17, ex. A) at 1.

Although Koda is attesting to the non-occurrence of
an event, Club BTS could have offered a less

5

"conclusory" denial, less reliant on unadorned hearsay. An affidavit from Cox himself--attesting more specifically that he did not sign the certified-mail receipt filed by Joe Hand as proof of service, or was not present at the address in question on that date the certified-mail receipt was signed--would more squarely have been the sort of "specific factual declaration[]" within the affiant's personal knowledge" that courts ought to credit. <u>Posner v. Essex Ins. Co.</u>, 178 F.3d 1209, 1215 (11th Cir. 1999). However, the court views Koda's affidavit as sufficient. Were Club BTS attempting to rely on the affidavit to avoid a merits adjudication of the claim against it, the court might well view it with more skepticism. Here, however, Club BTS seeks only to avoid default, so a modicum of leniency is therefore appropriate.

Thus, the burden to show that service was in fact perfected shifts back to Joe Hand. The plaintiff must present "enough evidence to withstand a motion for directed verdict." <u>Carrier</u>, 714 F. Supp. 2d at 1211

(citation and internal quotation marks omitted).
Because service was attempted via a mechanism made
available by state statute, this court must construe
the provision in accordance with the decisions of state
courts.  Cf. Sculptchair, Inc. v. Century Arts, Ltd.,
94 F.3d 623, 626-27 (11th Cir. 1996) (explaining that
when personal jurisdiction is obtained under Florida's
long-arm statute as incorporated into Federal Rule of
Civil Procedure 4(e), "the extent of the long-arm
statute is governed by Florida law, [and so] federal
courts are required to construe it as would the Florida
Supreme Court" and that, "[a]bsent some indication that
the Florida Supreme Court would hold otherwise, we are
bound to adhere to decisions of its intermediate
courts." (citations and internal quotation marks
omitted)).

Alabama law provides:  "[T]he only presumption
created ... by the trial court clerk's mailing of the
summons[] and complaint to [an address] and the
subsequent return of the signed certified-mail receipts

from that address [is] a presumption that the process
[was] properly mailed and properly delivered to [that
address].   Standing alone, service of process at the
proper address [does] not give rise to a presumption
that the proper person was served.   Additionally,
[defendants] [do] not bear the burden of proving that
the proper person was not served." Johnson v. Hall, 10
So. 3d 1031, 1036 (Ala. Civ. App. 2008).   When
defendants deny receiving service, "[t]he signatures on
the return receipts do not offer any assistance because
they are illegible[,] [and] [t]he record contains no
other evidence to establish that an authorized agent
for [the] defendant was served with process,"
plaintiffs have failed to demonstrate that service was
perfected.   Id.

Here, as in Johnson, Joe Hand's only evidence that
service on Club BTS was perfected is a certified-mail
receipt with an illegible signature.   Although it may
well be the case that the signature does belong to
Robert Cox, "any doubts regarding whether to set aside

an entry of default should be resolved in favor of the party seeking relief," Insituform, 588 F. Supp. 2d at 1352 (citing Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495 (5th Cir. 1962)), in light of the court's "strong policy of determining cases on their merits" and the attendant "disfavor" with which defaults are viewed, In re Worldwide Web Systems, 328 F.3d 1291, 1295 (11th Cir. 2003).

The court therefore finds good cause to set aside the default previously entered against Club BTS.[2]  See Fed. R. Civ. P. 55(c).  Now that service has been waived, Club BTS must file an answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

---

2.  Joe Hand also contends that it will be prejudiced by the court's decision to set aside the order of default entered against Club BTS; specifically, it states, first, that the resultant delay in litigation might make discovery more difficult, and, second, that the defendant might destroy evidence or fraudulently transfer assets.  Joe Hand has not, however, substantiated either of these concerns, so the court sees no need to weigh them in considering whether to grant Club BTS's motion.

9

## II.  KODA'S MOTION TO DISMISS

Koda sought dismissal of the claims against him, contending that he has not properly been served.  As he has now waived service, this motion is due to be denied as moot.  He, too, must answer or file a Rule 12 motion.

* * *

It is therefore ORDERED as follows:

(1) Defendant Club BTS, LLC's motion to set aside default (doc. no. 17) is granted.

(2) The order of default (doc. no. 11) previously entered against defendant Club BTS, LLL is vacated.

(4) Defendant Steven Hiro Koda's motion to dismiss (doc. no. 26) is denied.

(5) By no later than August 23, 2016, both defendants are to respond to the complaint in this case.

(6) Plaintiff Joe Hand Promotions, Inc.'s notice of error in filing (doc. no. 38) is construed as a motion

10

to strike the improperly denominated Request for Waiver of Service (doc. no. 34), and is granted.

DONE, this the 29th day of June, 2016.

__ /s/ Myron H. Thompson ____
**UNITED STATES DISTRICT JUDGE**